## WHITTINGTON v. PENNSYLVANIA R. CO.
### Civil Action No. 3505.

District Court, E. D. New York.

July 6, 1944.

Tyson & Tyson, of New York City (Frank L. Tyson, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

GALSTON, District Judge.

When the jury's verdict was rendered, my first reaction was that the amount seemed excessive. However, on reflection, on taking into consideration all the elements involved, I am not disposed to disturb the verdict in any way.

The plaintiff is thirty-nine years of age, had been steadily employed since 1934 and even prior thereto, and was earning approximately $3,000 a year. He had been in good health and his work as an automobile mechanic, of course, required unhampered ability to use his body, arms and hands. He was most severely injured and, as Dr. Dorian testified, the amputation of his left arm, the comminuted fracture of the eleventh rib near the spine, an impacted fracture of the twelfth dorsal vertebra, the paralysis in and about the thighs and buttocks, and the serious impairment of organs of his body, all bespeak permanent conditions which will prevent his resuming manual labor. Added to this, his left foot was also injured and he walks with a limp as a result. To what extent rehabilitation would enable him to make a livelihood is left wholly in the realm of speculation.

Therefore, taking into consideration his loss of earnings, his prospective loss of earnings, the pain and suffering which he underwent, and such as he is likely to continue to experience, and the humiliation of a maimed body, since the jury found liability it properly found that he should receive a substantial sum.

Reference to the "Present Value Table", published in Cahill's New York Civil Practice Act, discloses that the present value of an annuity of $1, payable at the end of each year at 3% per annum compounded over a period of thirty years, which was his life expectancy, is $19.60. At $3,000 a year the amount would be $58,800, which is very close to the verdict of $60,000. That sum, thus arrived at, would be without inclusion of pain and suffering and the other elements that I have enumerated above.

The motion to set aside the verdict, or reduce the amount thereof, is accordingly denied. Settle order on notice.